IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CARLA WIGTON,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>             Defendant. | CV 20–98–M–DWM<br><br><br>ORDER |

The plaintiff, Carla Wigton, sought summary judgment on the question of whether the defendant, State Farm, breached a duty to defend its insured in an underlying action and whether it was liable for the damages she was awarded in state court in the amount of $1,100,000. This Court granted summary judgment for Wigton on July 28, 2021 and directed Wigton to file a motion for attorney fees and costs consistent with Federal Rule of Civil Procedure 54(d)(2). (Doc. 39 at 19.)

Wigton now seeks attorney fees in the amount of $366,666.66 pursuant to a contingency fee agreement between Wigton and her counsel directly related to this declaratory judgment action. (Doc. 41 at 2.) In support of her arguments, Wigton included an affidavit from Gregory Munro, (Doc. 42), and an affidavit from

1

Lawrence Anderson, (Doc. 43), both of which assess the reasonableness of contingent fee agreements under *Stimac v. Montana*, 812 P.2d 1246, 1248 (Mont. 1991). She also included affidavits from her counsel, Ann Moderie, (Doc. 44), and Britt Cotter, (Doc. 45.) State Farm opposes Wigton's motion for fees on the basis that she is barred from recovering fees under a contingency fee agreement as a third-party assignee and the fees Wigton seeks are inequitable and unreasonable. Ultimately, Wigton is correct that she may recover fees, but not in the amount requested. A renewed motion for fees is required.

## LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) (quoting *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001)); *see also Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 809 (9th Cir. 2018) ("Calculation of attorney's fee awards in cases brought under state law is a substantive matter to which state law applies."). Federal Rule of Civil Procedure 54(d) governs the procedure of asking for attorney fees, and Wigton complied with that procedure here. (*See* Docs. 41–46.) The crux of the current dispute is whether and how Wigton can recover fees under Montana law.

"Under the American Rule, civil litigants are generally required to pay their own attorney fees. Montana, however, recognizes an exception to the American Rule in the context of insurance disputes." *Riordan*, 589 F.3d at 1002. In Montana, "an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." *Mtn. W. Farm Bureau Mut. Co. v. Brewer*, 69 P.3d 652, 660 (Mont. 2003).

## ANALYSIS

The parties do not seem to dispute that Wigton is allowed to recover some amount of fees in some manner for this declaratory judgment action. (*See* Doc. 46; *cf.* Doc. 47 at 6 (arguing that the Court should not award contingency fees but making no argument that recovery of any fees is barred).) Rather, the parties dispute whether contingency fees may be awarded to a third-party assignee against an insurer in a declaratory judgment action, and whether the Court should exercise its discretion to award fees under the Uniform Declaratory Judgment Act.

**I.    Contingency Fees**

In a declaratory judgment action pursued under Montana law, a third party, as the insured's assignee, "should be allowed to recover fees for services rendered by counsel in enforcing the insurance contract, just as [the] first-party insured . . . would have been able to do had it instituted the contract and declaratory action

3

against [the insured]." *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 362 (Mont. 2013) ("*Newman II*"). But *Newman II* held that a district court errs when it bases the amount of a fee award on a contingency fee agreement executed by the third-party assignee in the underlying action. *Id.* Here, by contrast, Wigton is correct that this case is distinct from the situation in *Newman II* because her contingency fee agreement was expressly made in connection with this declaratory judgment action, not for services related to underlying case. (*See* Doc. 44-2.) That the contingency fee agreement at issue is related only to the declaratory judgment action obviates the concerns cited in *Newman II*. *Cf.* 301 P.3d at 362 ("While it is clear that Newman incurred legal fees under the contingency fee contract with counsel in *Newman I*, *Newman I* was a separate tort action and the fee arrangement in that case does not transfer to this case.").

Nonetheless, the subsequent reasoning from *Newman v. United Fire & Cas. Co.*, 2014 WL 1095745 (D. Mont. Mar. 19, 2014) ("*Newman III*") is persuasive. At a minimum, *Newman III* concluded that reasonable fees can be awarded to a third-party assignee in a declaratory judgment action. *Id.*, at *4. Like *Newman II*, *Newman III* involved a slightly different factual scenario than that at issue here. In *Newman III*, the plaintiff seeking attorney fees pursuant to a contingency fee agreement amended the original agreement to clarify that it had "always been intended to cover the underlying action and any declaratory judgment action." *Id.*

4

at *1 (quotations omitted). As Wigton points out, there was no amendment to the contingency fee agreement here. In the absence of that fact, *Newman III*'s reasoning is persuasive insofar as it concluded that the plaintiff was entitled to an award of attorney fees, but that award would not be based on the contingency agreement. *Id.* at *4.

Moreover, and perhaps more fundamentally, "[a] contingent fee contract . . . does not bind a court in determining the proper amount of attorneys fees to be awarded." *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2512023, *7 (D. Mont. June 20, 2008). Rather, undergirding all awards of attorney fees is the requirement that such fees are reasonable. *Id.* In determining reasonableness of attorney fees pursuant to a contingency fee agreement, courts may consider a number of factors, including:

> (1) The novelty and difficulty of the legal and factual issues involved;
> (2) the time and labor required to perform the legal service properly;
> (3) the character and importance of the litigation; (4) the result secured by the attorney; (5) the experience, skill, and reputation of the attorney; (6) the fees customarily charged for similar legal services at the time and place where the services were rendered; (7) the ability of the client to pay for the legal services rendered; and (8) the risk of no recovery.

*Stimac*, 812 P.2d at 1249. Ultimately, while many of the factors tip in Wigton's favor, the amount of her requested fees is likely disproportionately high given the services Wigton's counsel rendered.

However, Wigton has not provided evidence about the time and effort

5

expended on this case, nor has she presented evidence related to Wigton's ability to pay an hourly fee. Moreover, there is no evidence that Wigton incurred any out-of-pocket expenses related to this case. Given the lack of evidence surrounding the actual time and effort Wigton's counsel expended on this case, Wigton will be required to submit evidence of the time and effort her counsel devoted to this case so the Court can determine a reasonable fee award.

## II.  Uniform Declaratory Judgments Act

Wigton argues in the alternative that she should be awarded discretionary fees under the Uniform Declaratory Judgments Act. *See* Mont. Code Ann. § 27–8–313. Under the Act, the fees must be "necessary or proper." *Tr. of Ind. Univ. v. Buxbaum*, 69 P.3d 663, 673 (Mont. 2003). Such a consideration includes whether, if no fees are awarded, "the insureds would have been worse off than if a declaration of their rights had never been made." *Id.* Since *Buxbaum*, the Montana Supreme Court has adopted the "tangible parameters test" to award fees under the Act, but before reaching the tangible parameter test a court must decide "if equitable considerations support the award." *United Nat. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1271 (Mont. 2009). *United National* suggests that to merit equitable consideration, the plaintiff must show that in the absence of a fee award, he would be better off had it never brought the claim in the first place. *Id.* If equity supports an award, then the tangible parameters test "provides that

fees are 'necessary and proper' when (1) an insurance company possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo." *Id.* at 1270.

Here, State Farm is correct that Wigton fails to meet the threshold element of demonstrating that the fees she seeks are equitable. State Farm was held liable for the $1.1 million judgment, (Doc. 39), which means that Wigton could take home over $800,000 even if her attorney fees are taken from that judgment, so it is difficult to say that Wigton will be in a worse position than if she never brought the suit, *cf. Reville v. Farmers Ins. Exch.*, 105 P.3d 280, 284–85 (Mont. 2004). Consequently, fees will not be awarded pursuant to the Uniform Declaratory Judgments Act.

## III. Conclusion

In light of the foregoing, IT IS ORDERED that Wigton's motion for award of attorney fees, (Doc. 41), is GRANTED IN PART and DENIED IN PART. It is GRANTED insofar as Wigton is entitled to an award of attorney fees, but it is DENIED in that she is not entitled to the amount she seeks under the contingency fee agreement.

IT IS FURTHER ORDERED that within 14 days from the date of this order, Wigton shall submit a renewed motion for attorney fees to allow the Court to determine a fee award based upon reasonable hourly rates and reasonable expenses and hours spent prosecuting this declaratory judgment action. State Farm shall have 14 days from Wigton's submission to respond to her renewed motion. Any argument made by the parties is limited to the reasonableness inquiry.

DATED this 30th day of September, 2021.

_____
Donald W. Molloy, District Judge
United States District Court