IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CARLA WIGTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br><br>　　　　　Defendant. | CV 20–98–M–DWM<br><br><br>ORDER |

The plaintiff, Carla Wigton, sought summary judgment on the questions of whether the defendant, State Farm, breached a duty to defend its insured in an underlying action and whether it was liable for the damages she was awarded in state court in the amount of $1,100,000. This Court granted summary judgment for Wigton on July 28, 2021 and directed Wigton to file a motion for attorney fees and costs consistent with Federal Rule of Civil Procedure 54(d)(2). (Doc. 39 at 19.) Wigton initially sought attorney fees in the amount of $366,666.66 pursuant to a contingency fee agreement. (Doc. 41.) That motion was granted insofar as the Court ruled that Wigton is entitled to attorney fees, but it was denied as to the amount. (Doc. 53.) Wigton was directed to submit a renewed motion for attorney fees to allow the Court to determine a fee award based upon reasonable hourly

1

rates and reasonable hours and expenses spent prosecuting this declaratory judgment action, and the parties were limited to making arguments only on the question of the reasonableness of Wigton's requested fee amount. (*Id.*)

## LEGAL STANDARD

"Calculation of attorney's fee awards in cases brought under state law is a substantive matter to which state law applies." *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 809 (9th Cir. 2018). Montana recognizes two methods of calculating reasonable fees: (1) "the lodestar method, which involves multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work" and (2) "the percentage of the recovery method, which authorizes fees to be paid from a percentage of a common fund or a contingency fee agreement." *Gendron v. Mont. Univ. Sys.*, 461 P.3d 115, 119 (Mont. 2020) (internal quotation marks omitted). For the reasons articulated in the Court's previous order denying fees under the contingency fee agreement, (Doc. 53), the lodestar method applies.

## ANALYSIS

Wigton's counsel now seeks $56,805 in attorney fees and $192 in paralegal charges. (Doc. 56 at 2.) Wigton's counsel submitted time sheets reflecting that counsel spent roughly 162 hours on this declaratory judgment action. (*See* Docs. 57-1, 58-1.) Approximately 155.5 hours are attributable to Ann Moderie, (Doc.

57-1 at ¶ 6), and approximately 6.8 hours are attributable to Britt Cotter, (Doc. 58-1 at ¶ 8). Wigton's counsel charged $350 an hour for the services rendered in this case. (*See* Doc. 56 at 3.) State Farm's objections are two-fold: (1) that counsel's billing entries are too imprecise to allow for meaningful evaluation, and (2) that counsel's hourly rate is unreasonably high. State Farm's arguments largely fail on both fronts.

First, counsels' time sheets are sufficiently detailed. State Farm argues that counsel "block billed," a practice that makes it difficult to determine how much time was spent on particular activities. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). However, as the parties have emphasized in this case, there was no discovery, nor were any depositions taken. The time sheets show that counsel broke their time down in standard increments with sufficient description for the Court to understand what tasks were accomplished during those increments.

Second, counsels' rate of $350/hour is reasonable as to Moderie, though it is slightly high as to Cotter given the record. The data from the Montana State Bar that State Farm offers to show otherwise is dated, and the Court gives little weight to the rates suggested by attorneys representing insurance companies as the insurance companies often set those rates. Consequently, Wigton will be awarded attorney fees in the amount of $350/hour for 155.5 hours, resulting in an award of $54,425. Cotter will be awarded attorney fees in the amount of $300/hour for 6.8

3

hours, resulting in an award of $2,040. Cotter's paralegal will be awarded fees in the amount of $80/hour for 2.4 hours, resulting in $192. This results in $56,657.00 in fees.

## CONCLUSION

IT IS ORDERED that Wigton's amended motion for award of attorney fees, (Doc. 55), is GRANTED.

The Clerk of Court is directed to enter an amended judgment reflecting the July 28, 2021 Judgment, (Doc. 40), and awarding:

(1) Prejudgment interest from April 15, 2020 to July 28, 2021 at the Montana rate pursuant to Mont. Code Ann. § 25–9–205(1).

(2) Post-judgment interest from July 28, 2021 until paid at the federal rate pursuant to 28 U.S.C. § 1961.

(3) Fees in the amount of $56,657.00.

IT IS FURTHER ORDERED that State Farm's motion to approve the sufficiency of bond amount and to stay the proceedings to enforce the judgment, (Doc. 50), is GRANTED. *See* Fed. R. Civ. P. 62(b). A supersedeas bond in the amount of $1,550,00.00 is APPROVED on the condition that the original bond be provided to the Clerk's Office for the District of Montana in Missoula, Montana within three (3) days of the date of this Order. Proceedings to enforce judgment,

including the award of attorney fees, are STAYED pending resolution of the appeal to the Ninth Circuit.

DATED this 30th day of November, 2021.

_____ 15:43 P.M.
Donald W. Molloy, District Judge
United States District Court